UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MULLIGAN,<br><br>    Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:17-cv-01278-JDP<br><br>FINAL JUDGMENT AND ORDER REGARDING CLAIMANT'S SOCIAL SECURITY COMPLAINT<br><br>ECF Nos. 17, 18 |

This matter is before the court on Linda Mulligan's ("claimant") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding claimant's application for Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. ECF Nos. 5, 6. At a hearing on January 31, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, the court finds as follows:

Claimant argues that remand is appropriate because the Administrative Law Judge

("ALJ") erred in giving "no weight" to an opinion of rheumatologist Amneet Virk-Dulai.[1] ECF No. 17-3 at 5 (citing AR 24). Claimant argues that the ALJ's rejection of this opinion was problematic for two reasons, which we will consider in turn: First, claimant argues that the ALJ failed to consider all of the factors laid out in the regulations establishing the procedure for weighing medical opinions. *See* 20 C.F.R. § 404.1527(c)(1)-(6). Second, claimant argues that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Virk-Dulai's opinion— thus failing to support his decision with substantial evidence. *See Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995) ("Even if [a] treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing." (internal quotation marks omitted)).

As to claimant's first argument, Ninth Circuit precedent requires that an ALJ evaluating a medical opinion consider the factors spelled out at 20 C.F.R. § 404.1527(c). A failure to do so "alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017). In this Circuit, ALJs are not required to repeat the 1527(c) factors "in rote fashion," *Standen v. Berryhill*, 2017 WL 4237867, at *7 (E.D. Cal. Sept. 25, 2017), but the record nonetheless must reflect consideration of these factors. If there is no evidence in the record that the ALJ considered a particular factor, we will not presume that such consideration occurred, even if—as here—the ALJ makes a blanket statement that he or she has "considered opinion evidence in accordance with the requirements of [20 C.F.R. § 404.1527]." AR 20. Here, the ALJ did not reference Dr. Virk-Dulai's specialty (factor (c)(5)) or the length of time she treated claimant (over two years— factor (c)(2)(i)), and the record does not otherwise reflect that the ALJ appropriately considered these factors. Under *Trevizo*, we must reverse.

As to claimant's second argument, we agree that the ALJ's rejection of Dr. Virk-Dulai's opinion was not supported by substantial evidence. Regarding Dr. Virk-Dulai's opinion, the ALJ

---

[1] Additionally, claimant challenges the ALJ's analysis under Step 5 of whether substantial evidence was presented to justify the ALJ's conclusion that alternate work exists in sufficient numbers in the national economy for claimant to perform. Since we remand based on issues relating to Dr. Virk-Dulai's opinion, we do not reach this issue.

stated:

> I accord no weight to the December 2015 check-box form opinion submitted by the claimant's family nurse practitioner, and endorsed by Am[n]eet Virk-Dulai, M.D., assessing a less than sedentary residual functional capacity based on rheumatoid arthritis and fibromyalgia. As noted above, the claimant's rheumatoid arthritis is in remission; further, this opinion is not supported by objective findings.

AR 23 (internal citations omitted). The stated reasons are not sufficient basis for rejecting the opinion of a treating physician, even when considered in concert with the ALJ's discussion of medical opinions that precedes the above statement. As regards the statement that claimant's rheumatoid arthritis is under control: this does not undercut Dr. Virk-Dulai's opinion; indeed, it is part of Dr. Virk-Dulai's opinion. There is no internal inconsistency in Dr. Virk-Dulai's opinion. Notably, she points to at least one other condition—fibromyalgia—that limits claimant's activity. As regards the ALJ's statement that Dr. Virk-Dulai's opinion is not supported by objective findings, this conclusory statement, devoid of citations to the record, is not substantial evidence.[2] *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

In conclusion, the ALJ's rejection of Dr. Virk-Dulai's opinion without appropriate consideration of the 1527(c) factors was reversible legal error, and the ALJ's rejection of Dr. Virk-Dulai's opinion additionally was not supported by substantial evidence because it was not supported by specific and legitimate reasons.

For the foregoing reasons and those stated on the record, claimant's request for remand is granted.[3]

**Order**

Accordingly, the decision of the Commissioner of the Social Security Administration is

---

[2] To the extent that the ALJ justified the rejection of Dr. Virk-Dulai's opinion on the ground that it was a "check-box" opinion, such rejection is unwarranted. *See Trevizo*, 871 F.3d at 677-78 n.4 ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form . . . .").

[3] At oral argument, counsel for claimant stated the claimant seeks remand so that the ALJ may more fully consider the record in light of Dr. Virk-Dulai's opinion; claimant does not seek an immediate award of benefits.

3

reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated:     January 31, 2019                    _____
                                                UNITED STATES MAGISTRATE JUDGE

No. 200.

4