UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MULLIGAN,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:17-cv-1278-HBK<br><br>ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES<br><br>(Doc. No. 25) |

Monica Perales ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Linda Mulligan ("Plaintiff") moved on January 5, 2021 for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 25). Plaintiff was served with the motion and told she had 14 days to object. (*Id.* at 2). The Commissioner of Social Security filed a response to the motion. (Doc. No. 27). Plaintiff has not filed an opposition to the motion as of the date on this order. (*See* docket). For the reasons below, the Court grants the motion for attorney's fees in the amount of $20,000.00, subject to an offset of $5,716.00 in fees already awarded on May 6, 2019, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

### I.     BACKGROUND

Following oral argument on Plaintiff's appeal, the Court entered a February 1, 2019 Order

reversing and remanding this action to the Commissioner to reevaluate Dr. Amneet Virk-Dulai's opinion considering the appropriate factors under 20 C.F.R. § 404.1527(c). (Doc. No. 20 at 3). On May 2, 2019, Plaintiff filed a Stipulation for the Award of Attorney's Fees and Expenses pursuant to the EAJA and costs pursuant to 28 U.S.C. § 1920. (Doc. No. 23). On May 6, 2019, the Court awarded Plaintiff's counsel $5,716.00 in attorney's fees and costs in the amount of $400.00. (Doc. No. 24).

Plaintiff's counsel now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits. (Doc. No. 25). Specifically, Plaintiff's counsel requests an award of $20,000.00 and, upon receipt of the 406(b) fees, she will reimburse Plaintiff the EAJA fees in the amount of $5,716.00. (Doc. No. 25 at 1). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain a percentage of the past-due benefits. The Commissioner filed a response in its role "resembling that of a trustee." (Doc. No. 27). The response was filed for purposes of providing an analysis on the fee request but the Commissioner "takes no position of the reasonableness of the request." (*Id*. at 3).

## II. APPLICABLE LAW

Title 42 U.S.C. 406(b) allows the Court to award counsel for successful claimant fees for services performed before the Court. The fees awarded must be "reasonable" and must not be "in excess of 25 percent of the total past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Supreme Court held that § 406(b) does not displace contingent-fee arrangements between plaintiffs and their counsel, but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Because an attorney may not recover fees for services performed under both EAJA and § 406(b), a claimant's attorney seeking fees under both EAJA and § 406(b) must reimburse the claimant the amount of the smaller fee received. *Gisbrecht*, 535 U.S. at 796.

In *Gisbrecht*, the Supreme Court set forth the factors courts should consider to determine the appropriate award of attorney's fees. Courts must first turn to the contingent-fee agreement and determine whether it is reasonable. 535 U.S. at 808. Courts next must assess whether the

attorney is responsible for any delay in which accumulation of benefits from such would result in an unjust award of fees to the attorney. *Id*. Finally, courts must assess the overall benefits awarded to the claimant compared to the number of hours spent by the attorney in representation of the claimant. *Id*.

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrechtt,* 535 U.S. at 805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793. Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Any § 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin*., 698 F.3d 1215, 1219 (9th Cir. 2012).

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement providing that Counsel "shall receive 25% of backpay awarded to Plaintiff." (Doc. No. 25-1, "Agreement"). The Agreement is consistent with 42 U.S.C. § 406(b)(1)(A) insofar as it allows a fee of up to, but not in excess of 25% of the past-due benefits. Counsel was successful in securing benefits in the amounts of $70,084.00 in retroactive Title II benefits and $35,846.00 in retroactive auxiliary benefits, totaling $105,930.00 in past-due benefits. (Doc. No. 25 at 1). Supporting the motion, Counsel submits a timesheet showing they expended 29.4 hours of work (26.1 hours attorney time, 3.3 hours of paralegal time). (*Id.* at 6, 16, 19). The time Counsel spent toward successfully attaining Plaintiff's benefits does not appear inflated. Nor do any facts suggest Counsel was responsible for undue delay in the case.

The fees Counsel seeks are reasonable in comparison to the amount of time Counsel spent on the case. After the reimbursement of the $5,716.00 EAJA fee, the net cost to Plaintiff from her past-due benefits received would total $14,284.00. (*Id.* at 10). Thus, Counsel seeks an award of fees totaling approximately 19% of Plaintiff's past-due benefits received, well below the amount stipulated to in the contingency agreement. Counsel's hourly rate equals $485.00. In 2008, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, Doc. No. 24, at 5 (E.D. Cal. March 19, 2020). The *Gisbrecht* factors weigh in favor of finding the requested $ 20,000.00 fee to be reasonable.

Upon consideration of Counsel's hours expended and the relevant factors, the Court finds the fees requested by Plaintiff's counsel reasonable. Therefore, the Court determines an award of $20,000.00 is reasonable.

Accordingly, it is **ORDERED**:

1. Plaintiff's uncontested Petition for Reasonable Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc. No. 25) is GRANTED.

2. Plaintiff's counsel is awarded § 406(b) fees in the amount of $20,000.00, subject to Counsel's reimbursement of the EAJA fee in the amount of $5,716.00 to Plaintiff.

IT IS SO ORDERED.

Dated: June 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4